IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

**HENRY A. POEST,**

    **Plaintiff,**

vs.

**ALLIANCE BEVERAGE DISTRIBUTING, LLC.,**

    **Defendant.**

Case No.

Judge:

HARVEY KRUSE, P.C.
Dale R. Burmeister (P29342)
Jason R. Mathers (P66022)
Anderson Grandstaff (P81331)
Attorneys for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800
dburmeister@harveykruse.com

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

## PLAINTIFF'S COMPLAINT WITH JURY DEMAND

Plaintiff, Henry Poest, for his Complaint against Defendant, Alliance Beverage Distributing, LLC, alleges as follows:

## PARTIES

1.    Plaintiff, Henry Poest ("Poest"), is an individual citizen of the State of Michigan, residing in the City of Grand Rapids, County of Ottawa.

2.    Defendant, Alliance Beverage Distributing, LLC ("Defendant"), is a Michigan Corporation doing business in the State of Michigan and in Kent County.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1331 as it arises under the laws of the United States. Count I arises under the Family and Medical Leave Act

1

("FMLA") of 1993, 29 U.S.C. §§2601 et seq., providing relief from termination or change in employment status based on a necessity for the employee to take a leave of absence due to the employee suffering from a chronic/serious health condition. This Court also has jurisdiction over Count I pursuant to 29 U.S.C. §2617(a)(2). Count II arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq. Count III arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. Count IV arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over the state law claim in Count V under the Michigan Payment of Wages and Fringe Benefits Act, MCL 408.471, *et seq*, because the claim arises from the same facts and circumstances as Counts I-IV.

4. Venue is properly laid in the Western District of Michigan under 28 U.S.C. §1391(b) because Defendant is located within Kent County and the claims arose within Kent County, Michigan.

## COMMON FACTUAL ALLEGATIONS

5. Defendant was, at all times hereinafter mentioned, engaged in commerce or in an industry affecting commerce and employed fifty or more employees for each working day during each of twenty or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C. §2611(4).

6. Poest began his employment with Defendant on May 16, 2006 as a laborer, with part of his duties including mechanical. Poest advanced to the position of full-time Mechanic's Assistant in or around 2014.

7. Throughout his 14 years of employment with Defendant, Poest had a good work record and was repeatedly described as being well qualified for the position he held.

8. Poest was born with significant hearing loss and during the course of his employment with Defendant, he consistently wore a large and highly visible hearing aid.

HARVEY KRUSE
ATTORNEYS & COUNSELORS  A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

2

9. As a result of his hearing condition, Poest experienced difficulties in performing certain types of repairs in the scope of his employment, which required reasonable accommodations from Defendant.

10. In late 2019, Glenn Hoezee ("Hoezee") was appointed as the manager responsible for supervising Poest in Defendant's maintenance department.

11. After he was appointed to this position, Hoezee regularly engaged in harassing and demeaning behavior against Poest and other employees in Defendant's maintenance department.

12. As part of this larger pattern of abusive behavior, Hoezee falsely represented to Tim Sullivan ("Sullivan"), Defendant's Vice-President of Logistics and part owner, that Poest was incapable of performing employment duties such as maintaining his workload or logging his work hours correctly into the time keeping computer system.

13. These errors Hoezee attributed to Poest were in fact caused by problems with Defendant's manipulation of its' time keeping computer system, which were outside of Poest's control, and which upon information and belief affected several of Defendant's employees other than Poest.

14. Upon information and belief, despite knowing that these computer problems were not caused by Poest and that they had affected Defendant's other employees, Hoezee misrepresented to Defendant's ownership and other supervisors that Poest was unable to perform his employment duties including time-keeping due to his age and/or disability.

15. On different occasions during his employment, Poest informed Hoezee and other supervisors employed by Defendant that his impaired hearing made it difficult for him to hear certain sounds.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

16. This made it difficult for Poest to perform certain aspects of his employment responsibilities, such as brake line repairs, without there being reasonable accommodations by Defendant.

17. Defendant was aware of Poest hearing disability and the challenges this presented and his need for reasonable accommodations.

18. Hoezee's unwarranted harassment of Poest increased in frequency and intensity after Poest's need for reasonable accommodations for his impaired hearing was known by Defendant.

19. On each occasion when Poest discussed his hearing limitations, Defendant failed to provide any necessary and reasonable accommodations.

20. On each occasion when hearing limitations were discussed, directly or indirectly, Defendant responded by stating, incorrectly, that accommodations were not possible.

21. On or around September 15, 2020, Hoezee falsely represented to Defendant's owners and other supervisors that Poest had negligently repaired the brake lines of one of Defendant's vehicles and that these errors signified that Poest's impaired hearing was preventing him from safely performing his employment responsibilities as a mechanic.

22. On or around September 16, 2020, Poest became aware that his work hours had been incorrectly recorded in Defendant's computer payroll system, such that he would not be paid for at least five (5) hours that he had worked during a prior pay period on or around August 13, 2020.

23. On September 16, 2020, Poest contacted Hoezee to request that Hoezee help him correct these missing work hours. Hoezee responded to this reasonable request of Poest, stating that Poest was incapable of and/or failed to follow correct payroll procedures under the company's computer time-keeping system.

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

24. In the following weeks, Hoezee frequently harassed Poest for perceived deficiencies in his job performance. Hoezee's contemporaneous statements conveyed his unfounded and discriminatory belief that these perceived deficiencies of his were caused or exacerbated by Poest's age and/or his impaired hearing.

25. In response to this harassment, Poest subsequently contacted employees in Defendant's Human Resources Department and the owner Shannon and manager Jesse and informed them that Hoezee's unwarranted and discriminatory fixation on Poest's impaired hearing was making it difficult for Poest to perform his job. Defendant's Human Resources employees, Shannon and Jesse all told Poest that there was "nothing that could be done".

26. On October 1, 2020, Poest sent an email to the Defendant's Human Resources department in which he again requested assistance with correcting inaccuracies in his logged work hours. Defendant's Human Resources employee determined that Poest had not been credited for several hours of work he had previously performed.

27. On October 2, 2020, Poest sustained an injury to his left hand which resulted in a fracture to his left thumb. This injury occurred as he was leaving Defendant's facilities and after Poest had clocked out from his employment with Defendant. Poest immediately proceeded to a nearby hospital for emergency treatment and he later underwent emergency surgery to correct the fracture in his left thumb.

28. Poest's thumb injury was a serious health condition as defined in 29 U.S.C. §2611(11)(B).

29. On October 3, 2020, Poest sent a text message to Hoezee and to Tim Sullivan ("Sullivan"), Defendant's Vice-President of Logistics and part owner. In that message, Poest informed Hoezee and Sullivan that his treating physicians had ordered Poest to avoid returning to work for several weeks because they were concerned that Poest's might displace a pin installed during the surgery on his

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

hand. Poest further advised Hoezee and Sullivan that he might be capable of returning to modified light-duty work after he completed a course of physical therapy lasting approximately six weeks.

30. On October 5, 2020, Poest met with Sullivan and employees in Defendant's Human Resources department, ostensibly to discuss arrangements for Poest to take a medical leave of absence due to his hand injury.

31. During the October 5, 2020 meeting, Sullivan terminated Poest's employment with Defendant, and falsely claimed that Poest had been terminated because of poor work performance and refusing to do the normal service that needed to be done.

32. At no time following Poest's October 2, 2020 injury did Defendant offer Poest leave under the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§2601 et seq.

33. Upon information and belief, Defendant's decision to terminate Poest was motivated by discrimination against Poest due to Poest's age and/or his disability status, by a desire to retaliate against Poest for his efforts to seek payment from Defendant for wages Defendant had erroneously withheld from Poest, and by Defendant's desire to avoid incurring anticipated costs of granting the medical leave to Poest mandated by the FMLA and/or costs associated providing reasonable accommodations pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.

34. Upon information and belief, the purported reason that defendant gives for Poest being terminated is false, wholly unsupported, contrary to the evidence and without factual basis, and was only ever intended to provide a pretextual and seemingly non-discriminatory basis for Defendant's termination of Poest in an effort to try and deny Poest the protections the law affords.

35. On December 29, 2020, Poest filed a Formal Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). In this filing, Poest asserted that

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

6

Defendant had discriminated against Poest on the basis of his hearing disability, his age, and his attempt to request leave under the FMLA.

36.    On August 17, 2021, the EEOC issued a Notice of Right to Sue, which authorized Poest to file suit against Defendant within 90 days.

37.    The present action has been timely filed less than 90 days after the EEOC's issuance of the Notice of Right to Sue to Poest on August 17, 2021.

### COUNT I
### Violation of FMLA
### 29 U.S.C. §§2601 et seq.

38.    Poest realleges paragraphs 1 to 37 as if fully set forth verbatim below.

39.    Poest was an eligible employee as that term is defined in 29 U.S.C. §2611, since he had worked for Defendant for at least 12 months and for at least 1,250 hours of service prior to his hand injury on October 2, 2020.

40.    Poest's hand injury on October 2, 2020 was a serious health condition as defined in 29 U.S.C. §2612, which entitled him to FMLA leave.

41.    Poest informed Defendant that per his doctor's instructions he was required to be off work for several weeks following his hand injury.

42.    Defendant violated the provisions of 29 U.S.C. §§2601 et seq., including 29 U.S.C. §2615 by interfering with, restraining, or denying Poest the exercise of rights provided under the FMLA and/or by discharging Poest for asserting or otherwise exercising his rights under the FMLA.

43.    As a direct and proximate result of Defendant's conduct, Poest has suffered the following damages. Poest demands:

   a. Lost wages and back pay;

   b. Loss of pension benefits;

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

    c.   Loss of insurance benefits;

    d.   Loss of other fringe benefits;

    e.   Loss of the opportunity to continue the gainful employment in which he had been engaged;

    f.   Loss of future earnings and front pay;

    g.   Time and money in endeavoring to protect himself from Defendant's violation of the FMLA, including costs and reasonable attorney's fees of this action; and

    h.   Such other exemplary and punitive damages as necessary to make Plaintiff whole and deter such conduct in the future of $5 million or more as the circumstances require.

## COUNT II
### Violation of §510 of the Employee Retirement Income Security Act of 1974
### 29 U.S.C. §1140.

44.    Poest realleges paragraphs 1 to 43 as if fully set forth verbatim below.

45.    Defendant has an employee benefit plan that insures the healthcare needs of its employees and their dependents. This employee benefit plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA).

46.    Poest and his dependents, which include his wife and his eleven (11) children, were participants and/or beneficiaries under Defendant's employee benefit plan at all times relevant to this suit. Poest maintained health insurance for himself and for his dependents according to the terms of the employee benefit plan.

47.    On October 5, 2020, Defendant terminated Poest and, subject only to temporary COBRA benefits, the termination eliminated Poest's healthcare coverage for himself and his beneficiaries thereby terminating Defendant's obligation to fund their healthcare costs.

48.    Defendant's decision to terminate Poest was motivated by the medical bills incurred in connection with medical treatment by the employee benefit plan in which Poest participated, by Poest's exercise of rights under Defendant's healthcare insurance employee benefit plan, and Defendant's desire

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

to deprive Poest of further access to the benefits under the applicable employee benefit plan and/or in retaliation for his receipt of benefits under said plan.

49. Defendant's termination of Poest constitutes a violation of ERISA §510, 29 U.S.C. §1140.

50. As a direct and proximate result of Defendant's actions, Poest has been damaged. Poest demands:

   a. Reinstatement to his former position with Defendant;

   b. Back pay;

   c. Reinstatement of insurance benefits for himself and his dependents;

   d. Payment of healthcare bills and other healthcare payments for himself and his dependents;

   e. Recoupment of money in endeavoring to protect himself from Defendant's unlawful conduct, including costs and reasonable attorney's fees of this action; and

   f. Such other exemplary and punitive damages as necessary to make Plaintiff whole and deter such conduct in the future of $5 million or more as the circumstances require.

## COUNT III
### Violation of Title I of the Americans with Disabilities Act of 1990
### 42 U.S.C. §12131, et seq.

51. Poest realleges paragraphs 1 to 50 as if fully set forth verbatim below.

52. Defendant is a business employing hundreds of workers on a full-time basis and, pursuant to 42 U.S.C. §12111, Defendant is subject to Title I of the Americans with Disabilities Act of 1990 ("the ADA").

53. Poest is a qualified individual with a disability within the meeting of 42 U.S.C. §§12102(2) and 12132.

54. Pursuant to 42 U.S.C. §12112, no entity covered by the ADA shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring,

9

advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

55. Pursuant to 42 U.S.C. §12112, all entities covered by the ADA are obligated to provide necessary reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the covered entity's business.

56. On several occasions throughout the course of his employment with Defendant, Poest requested that Defendant provide him with necessary reasonable accommodations for Poest's impaired hearing, which was a known physical limitation under the meaning of 42 U.S.C. §12112.

57. Despite being aware of Poest's impaired hearing, Defendant failed to provide necessary reasonable accommodations to Poest and did so without making any effort to determine whether the cost of providing said necessary reasonable accommodations to Poest would impose an undue hardship on the operation of Defendant's business.

58. Defendant's unlawful actions were and are intentional, willful, malicious and/or done with reckless disregard to Poest's right to be free from discrimination based on his disability.

59. As a proximate result of the unlawful acts described herein, Poest has suffered and continue to suffer injury.

60. Poest hereby claims entitlement to any and all relief available under the ADA, including:

    a. Lost wages and back pay;

    b. Loss of pension benefits;

    c. Loss of insurance benefits;

    d. Loss of other fringe benefits;

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

  e. Loss of the opportunity to continue the gainful employment in which he had been engaged;

  f. Loss of future earnings and front pay;

  g. Compensatory damages for Poest's emotional pain and suffering, in an amount to be proven at trial;

  h. Reinstatement to his former position with Defendant along with necessary reasonable accommodations for that position; and

  i. Such other exemplary and punitive damages as necessary to make Plaintiff whole and deter such conduct in the future of $5 million or more as the circumstances require.

## COUNT IV
### Violation of Age Discrimination in Employment Act of 1967
### 29 U.S.C. §621 et seq

61. Poest realleges paragraphs 1 to 60 as if fully set forth verbatim below.

62. At all relevant times, Defendant has been a business engaged in interstate commerce and employing hundreds of workers on a full-time basis. Therefore, Defendant is an employer subject to the provisions of the Age Discrimination in Employment Act of 1967 ("the ADEA") pursuant to 29 U.S.C. §630(b).

63. Poest is an individual who more than forty (40) years old, and he is therefore entitled to the protections afforded by the ADEA. 29 U.S.C. §631.

64. Pursuant to 29 U.S.C. §623, it is unlawful for any employer subject to the ADEA to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age, unless age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business.

65. Age is not a bona fide occupational qualification reasonably necessary to the normal operation of Defendant's particular business under the meaning of 29 U.S.C. §623.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

66. Poest filed a timely Formal Charge of age discrimination with the EEOC, which issued a Notice of Right to Sue on August 17, 2021. Accordingly, Poest has exhausted his administrative remedies and has satisfied all preconditions to bringing this action.

67. The Formal Charge of Discrimination Poest filed with the EEOC clearly established that Poest was pursuing a disparate impact age discrimination theory.

68. Defendant and its employees discriminated against Poest on the basis of his age with respect to his terms, conditions, and privileges of his employment and further discriminated against him by firing him due to his age on October 5, 2020.

69. Defendant's violations of the ADEA were intentional and willful.

70. As a direct and proximate result of the foregoing violations of the ADEA, Poest has sustained economic and non-economic damages.

71. Poest hereby claims entitlement to any and all relief available under the ADEA, including:

   a. Lost wages, employment benefits, and other compensation lost to him as a result of Defendant's discrimination against Poest on the basis of his age, and prejudgment interest;

   b. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of Defendant's discrimination against Poest on the basis of his age;

   c. Reinstatement to his former position with Defendant;

   d. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

   e. Such other exemplary and punitive damages as necessary to make Plaintiff whole and deter such conduct in the future of $5 million or more as the circumstances require.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

**COUNT V**
**Violation of the Michigan Payment of Wages and Fringe Benefits Act**
**MCL 408.471, *et seq***

72. Poest realleges paragraphs 1 to 71 as if fully set forth verbatim below.

73. At all relevant times, Defendant has been a Michigan corporation employing hundreds of workers on a full-time basis. Therefore, Defendant is an "employer" under the meaning of MCL 408.471, and Defendant is subject to the provisions of the Michigan Payment of Wages and Fringe Benefits Act ("the MPWFBA"), MCL 408.471, *et seq*.

74. Poest's earnings for the labor he performed on behalf of Defendant were "wages" under the meaning of MCL 408.471.

75. Pursuant to MCL 408.477, it is unlawful for any employer subject to the MPWFBA to deduct from the wages of an employee without the full, free, and written consent of that employee.

76. As described above, Defendant and its employees failed to keep an accurate accounting of Poest's earnings in Defendant's payroll system.

77. Poest did not consent to any deductions of his wages and advised Defendant's employees on several occasions that his wages had not been accurately recorded.

78. By failing to correct these inaccuracies and fully reimburse Poest for the labor he performed, Defendant unlawfully deducted Poest's wages, in violation of Section 7 of the MPWFBA. MCL 408.477.

79. Poest hereby claims entitlement to any and all relief available under the MPWFBA, including:

   a. Lost wages owed due to Defendant's unlawful deductions;

   b. Employment benefits and other compensation lost as a result of Defendant's unlawful deductions; and

   c. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action.

HARVEY KRUSE
ATTORNEYS & COUNSELORS  A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

**WHEREFORE**, Poest prays as follows:

A. That this Court award such equitable relief as is proper as compensation for Poest's loss of the opportunity to engage in gainful employment, including relief in the form of front pay;

B. That this Court award Poest an amount to be determined at trial as compensation for loss of the opportunity to engage in gainful employment, and future earning for humiliation, embarrassment, and loss of reputation;

C. That this Court award Poest an amount to be determined at trial as compensation for lost pension, insurance, and other fringe benefits;

D. That this Court award Poest back pay from the date of trial with interest;

E. That this Court award Poest exemplary or punitive damages;

F. That this Court award all remedies available pursuant to 29 U.S.C. §2617, including liquidated damages; and

G. That this Court grant Poest such other and further relief as may be just and equitable.

> Respectfully submitted,
> **HARVEY KRUSE, P.C.**
>
> */s/ Dale R. Burmeister*
> Dale R. Burmeister (P29342)
> Jason R. Mathers (P66022)
> Anderson Grandstaff (P81331)
> Attorneys for Plaintiff
> 1050 Wilshire Drive, Suite 320
> Troy, MI 48084
> (248) 649-7800
> dburmeister@harveykruse.com

Dated:  October 18, 2021

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

**HENRY A. POEST,**

    **Plaintiff,**                                                                Case No.

vs.                                                                             Judge:

**ALLIANCE BEVERAGE DISTRIBUTING, LLC.,**

    **Defendant.**

HARVEY KRUSE, P.C.
Dale R. Burmeister (P29342)
Jason R. Mathers (P66022)
Anderson Grandstaff (P81331)
Attorneys for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800
dburmeister@harveykruse.com

## JURY DEMAND

A trial by jury is hereby respectfully demanded to determine all issues.

                                                         Respectfully submitted,
                                                         **HARVEY KRUSE, P.C.**

                                                         */s/ Dale R. Burmeister*
                                                         Dale R. Burmeister (P29342)
                                                         Jason R. Mathers (P66022)
                                                         Anderson Grandstaff (P81331)
                                                         Attorneys for Plaintiff
                                                         1050 Wilshire Drive, Suite 320
                                                         Troy, MI 48084
                                                         (248) 649-7800
                                                         dburmeister@harveykruse.com

Dated:  October 18, 2021

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS   248-649-7800
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526